IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

METLIFE INVESTORS USA )
INSURANCE COMPANY, )
 )
      Plaintiff, )
 )
vs. ) Case No. CIV-10-509-D
 )
JUICE CONNECTION L.L.C., and )
MELISSA A. STUART, )
 )
      Defendants. )

**O R D E R**

The Complaint for Declaratory Judgment invokes the Court's diversity jurisdiction but alleges only that Defendant Juice Connection, L.L.C. is "an Oklahoma limited liability company with its principal place of business in Edmond, Oklahoma." *See* Compl. [Doc. No. 1], ¶ 12. These allegations are insufficient to establish diversity of citizenship under 28 U.S.C. § 1332(a).[1] Specifically, Plaintiff's pleading fails to allege the citizenship of a limited liability company. Although the Tenth Circuit has not decided the issue, every federal appellate court to consider the question has concluded that a limited liability company should not be treated like a corporation under 28 U.S.C. § 1332(c)(1) but like a limited partnership or other unincorporated association under *Camden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members."); *accord*

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

*Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006); *see also General Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). The Complaint does not identify the members of Defendant Juice Connection, L.L.C. or allege their citizenship. Therefore, the Complaint states no factual basis for the allegation of diversity jurisdiction.

IT IS THEREFORE ORDERED that Plaintiff shall file an amended pleading to allege the existence of diversity jurisdiction not later than August 13, 2010, or this matter will be dismissed.

IT IS SO ORDERED this 14th day of July, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE